IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WAYMAN L. PRICE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:11-CV-40 CDL-MSH |
| | : | 42 U.S.C. § 1983 |
| JUDGE LOWREY S. STONE, | : | |
| JUDGE JOE C. BISHOP, CHARLES | : | |
| M. FERGUSON, and THOMAS CRAIG | : | |
| EARNEST | : | |
| | : | |
| Defendants. | : | |

## ORDER GRANTING IFP AND RECOMMENDATION OF DISMISSAL

On April 18, 2011, Plaintiff filed the instant action against two judges and two district attorneys. Specifically, Plaintiff claims that these Defendants violated his constitutional rights by sentencing him to "void sentences" based on the Georgia sex offender registry laws. Plaintiff currently has pending a motion to proceed in this action *in forma pauperis* ("IFP"). As discussed below, this motion is granted. However, upon preliminary review, the Court recommends dismissal of Plaintiff's Complaint.

### DISCUSSION

**I. Motion to Proceed IFP**

Initially, the Court addresses Plaintiff's currently pending motion to proceed IFP (ECF No. 2). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of Plaintiff's prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

## II.     Preliminary Review

### A.     Standard for Preliminary Review

Plaintiff's Complaint is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A which requires the court to

> review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is

immune from such relief.

Additionally, the Court must review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) which requires the Court to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

Although Plaintiff has not specified in his Complaint, the Court will assume that he brings this action against the Defendants in their individual and official capacities. Plaintiff's Complaint should be dismissed because the Defendants are entitled to Eleventh Amendment immunity in their official capacities, and absolute judicial or prosecutorial immunity in their individual capacities.

### B. Official Capacity Claims

Plaintiff sues Judge Stone and Judge Bishop in their official capacities. "[T]he judicial acts of a judge sitting within a particular county are the exercise of the judicial power of the state and are taken by authority of an office created by the state." *Bendiburg v. Dempsey*, 692 F. Supp. 1354, 1363 (N.D. Ga. 1988). In other words, "the several courts of the State of Georgia . . . are organs of the state and [] their judicial officers are state officials." *Id.* A suit against a state official in his or her official capacity is no different from a suit against the state, which fails because of sovereign immunity. *See Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996) (noting that Alabama state court judge was immune from damages in his official capacity). For this reason, state officials sued in their official capacities are not considered "persons" subject

3

to suits for damages under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's claims against Judges Stone and Bishop in their official capacities should consequently be dismissed.

The same is true of the claims against Defendants Ferguson and Earnest who Plaintiff has sued as district attorneys acting in their official capacities. In Georgia, a "district attorney's authority over prosecutorial decisions . . . is vested by state law pursuant to state authority." *Owens v. Fulton Cnty.*, 877 F.2d 947, 952 (11th Cir. 1989). In other words, a district attorney is a state official. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). "As such, it is no different from a suit against the State itself," *Id.*, which fails because of Eleventh Amendment immunity. *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007) ("Under most circumstances, the Eleventh Amendment bars suits against states and state entities by their citizens."). Thus, the claims against Defendants Ferguson and Earnest are also barred by Eleventh Amendment immunity and should be dismissed.

    C.    <u>Individual Capacity Claims</u>

        1.    *Absolute Judicial Immunity*

The claims against Judges Stone and Bishop in their individual capacities should likewise be dismissed because they are entitled to absolute judicial immunity. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Judges are entitled to absolute judicial

immunity . . . for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (internal quotation mark and citation omitted). "Whether an act by a judge is a judicial one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge . . . ." *Jarallah v. Simmons*, 191 F. App'x 918, 920 (11th Cir. 2006).

Since judicial immunity is immunity from suit, if Judges Stone and Bishop are entitled to judicial immunity, the claims against them should be dismissed. Defendants are entitled to judicial immunity if the actions complained of were taken in Defendants' judicial capacities and not in the absence of all jurisdiction. Plaintiff is complaining that Defendants Stone and Bishop violated his rights by sentencing him pursuant to two Georgia statutes, O.C.G.A. § 16-6-3 and O.C.G.A. § 42-1-12. (Compl. 4, ECF No. 1.) Sentencing a defendant in a criminal proceeding is a judicial function. *See, e.g., Wilson v. Bush*, 196 F. App'x 796, 799 (11th Cir. 2006) ("Entering a judgment or order is a quintessential judicial function and immunity attached to it."). Additionally, Plaintiff alleges that Judge Bishop violated his constitutional rights by denying a motion to correct void sentence and a motion for a writ of mandamus. (Compl. 4.) Judge Bishop's ruling on these two motions filed by Plaintiff is clearly a judicial function. *Wilson*, 196 F. App'x at 799. Furthermore, Plaintiff has failed to allege or contend that any actions taken by these Defendants were taken in the absence of all jurisdiction, and the Court fails to see how such an allegation would be supportable. Defendants Stone and Bishop are entitled to absolute judicial immunity, and the claims against them should be

dismissed.

## 2. *Absolute Prosecutorial Immunity*

Defendants Ferguson and Earnest are also entitled to immunity in this case—absolute prosecutorial immunity—for claims made against them in their individual capacities. "[P]rosecutors are absolutely immune from liability in § 1983 lawsuits" brought for actions "that are intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335 , 129 S. Ct. 855, 860 (2009) (internal quotation marks and citations omitted). Actions which entitle the prosecutor to absolute immunity are those which are "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), such as "when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp*, 129 S. Ct. at 861.

Plaintiff appears to have sued Defendants Ferguson and Earnest for prosecuting him pursuant to O.C.G.A. §§ 42-1-12 or 16-6-3. (Compl. 4.) Clearly, Defendants' prosecution of Plaintiff for alleged violations of Georgia criminal law falls into the category of actions which are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430; *see also Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) ("The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence."). Thus, Defendants Ferguson and Earnest are entitled to absolute judicial immunity for the claims brought against them in their individual capacities, and the claims against them should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed IFP is **GRANTED**. Plaintiff's Complaint, however, should be dismissed.

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion to proceed *in forma pauperis* is granted. Furthermore, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 3rd day of May, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE